*1062 OPINION.
Lansdon:
In this appeal the Board determines: (1) The value at March 1, 1913, of the land described in the findings of fact; and (2) whether a penalty shall be assessed against the taxpayer for his failure to make an income-tax return for the year 1919.
In support of his contention that the land in question had a fair market value of not less than $125,000 at March 1,1913, the taxpayer Introduced the depositions of 11 reputable business men of Wichita. Bight of the deponents are real-estate dealers in Wichita, and all are members of the real estate board of that city. Seven of these ■witnesses fixed the market value of the land at $125,000 at March 1, 1913. The eighth witness testified that the value was at least $140,-000 at that date, and that he would have paid that amount for the tract if the owner had been willing to sell. Three witnesses, a banker and two lumber dealers, all of whom have lived in Wichita for many years, placed the value of the tract at $145,900, $145,000, and $140,000 on March 1,1913. The average of values placed on the tract by eight real-estate men was $126,875, and by the men in other lines of business was $143,633, and the average of values determined by all the taxpayer’s witnesses was $131,445.
The Commissioner introduced the depositions of two witnesses, of whom one is a real-estate dealer who was not in Wichita at March 1,1913, and the other is a city official who was deputy county assessor in 1912. The real-estate man testified that prior to 1913 he had the taxpayer’s consent to sell the entire farm for $50,000, and that in his judgment the tract in question was worth $45,000 at March 1, 1913. Mrs. McKnight testified that she was at all times familiar with the business of her husband, and that to her knowledge he had never listed the farm with any dealer, and that he always regarded the entire tract as worth at least $300,000.
The second witness for the Commissioner testified that he had assessed the entire farm for state taxation purposes in 1912 at $175,000, and that the actual value of the farm at that time was somewhere between $180,000 and $200,000. He also testified that the eastern portion of the farm, the tract involved in this appeal, was worth considerably more, relatively, than the part west of the drainage canal.
In the light of all the evidence, the Board is of the opinion that the fair market value of the tract in question at March 1, 1913, was not less than $125,000.
It is not disputed that the taxpayer failed to make an income-tax return for 1919. Section 3176, Bevised Statutes of the United States, as amended, provides as follows:
*1063 In ease of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner of Internal Revenue shall add to the tax 26 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not to willful neglect, no such addition shall be made to the tax.
We are of the opinion that such a penalty, based on the tax determined by the valuation that we have found, must be assessed against the taxpayer.

Order of redetermination will be entered on 15 days1.notice, under Bule 50.